**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **CRYSTAL DAWN WEBB,** *Plaintiff* | § | |
| | § | |
| **v.** | § | **No. 1:26-CV-01378-ABD-SH** |
| | § | |
| **COMPASS GROUP,** *Defendant* | § | |

**ORDER**

Now before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2), and Motion to Appoint Counsel (Dkt. 3), both filed May 22, 2026.[1]

Plaintiff Crystal Dawn Webb, proceeding *pro se*, brings this employment discrimination suit under Title VII of the Civil Rights Act against her former employer, Defendant Compass Group, alleging that she was discriminated against because of her race (Black) and retaliated against after complaining about that alleged discrimination. Webb also seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(1) and requests appointment of counsel.

### I. Application to Proceed *In Forma Pauperis*

Under § 1915(a)(1), a district court may permit a plaintiff to file an action in federal court "without prepayment of fees or security therefor" if the plaintiff shows by affidavit that she cannot pay such fees. The district court's decision whether a party may proceed *in forma pauperis* "must be based solely upon economic criteria." *Gibbs v. Jackson*, 92 F.4th 566, 569 (5th Cir. 2024). The

[1] The Honorable Andrew Davis referred this case to this Magistrate Judge for disposition of the application to proceed in forma pauperis and any motion for appointment of counsel, and for a prompt recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. § 1915(e), under Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and Judge Davis' Docket Management Standing Order. Dkt. 4.

movant need not be "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Instead, the question is whether the movant can afford the costs without undue hardship or deprivation of "the necessities of life." *Id.*

After reviewing Webb's application, the Court finds that she cannot pay the filing fee without experiencing undue financial hardship and **GRANTS** her application for *in forma pauperis* status. Webb is advised that *in forma pauperis* status is granted subject to a later determination that this action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious under § 1915(e). She is also advised that although she has been granted leave to proceed *in forma pauperis*, the Court may impose costs of court against her at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

## II. Review Under Section 1915(e)(2)(B)

Because Webb has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review her complaint under § 1915(e)(2)(B). A court may *sua sponte* dismiss an *in forma pauperis* complaint "at any time if the court determines" that the action is (1) frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Brewster v. Dretke*, 587 F.3d 764, 769 (5th Cir. 2009).

In deciding whether a complaint states a claim, the Court's task is "to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim of discrimination under Title VII, a plaintiff must plead that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024). To state a claim of retaliation under Title VII, a plaintiff must plead that "1) she engaged in protected activity, 2) she suffered an adverse employment action, and 3) a causal link exists between the protected activity and the adverse employment action." *Wright v. Union Pac. R.R. Co.*, 990 F.3d 428, 433 (5th Cir. 2021). Close timing between the protected activity and the adverse employment action can permit an inference of causation. *Id.* at 434.

Webb alleges that Compass Group treated her differently than her non-Black co-workers because of her race and retaliated against her by terminating her employment after she complained about that alleged discrimination. The Court finds that her allegations are sufficient to survive dismissal for frivolousness under § 1915(e)(2)(B) at this stage of the proceedings.

## III. Motion for Appointment of Counsel

Webb also asks the Court to appoint her counsel to represent her in this matter. A *pro se* plaintiff in a civil case, "even if demonstrably indigent, is not entitled to appointed counsel as a matter of right." *Naranjo v. Thompson*, 809 F.3d 793, 799 (5th Cir. 2015) (citation omitted). A district court need not appoint counsel for an indigent plaintiff in a civil lawsuit unless exceptional circumstances warrant an appointment. *Tampico v. Martinez*, 987 F.3d 387, 392 (5th Cir. 2021). Factors a court should consider in determining whether exceptional circumstances warrant appointment of counsel include the (1) type and complexity of the case; (2) plaintiff's ability adequately to present and investigate her case; (3) presence of evidence that largely consists of

conflicting testimony, requiring skill in presentation and cross-examination; and (4) likelihood that appointment will benefit the plaintiff, the court, and the defendant by shortening the proceeding and assisting in just determination. *Id.*

The Court finds that Webb has not shown exceptional circumstances warranting appointment of counsel. The issues presented in this case do not appear to be particularly complex, and Webb has adequately and coherently litigated her case thus far. This is the third discrimination suit she has litigated in this Court. *Webb v. Round Rock Indep. Sch. Dist.*, No. 1:12-cv-00919-LY (W.D. Tex. June 10, 2015) (dismissing case with prejudice under Rule 41 after settlement); *Webb v. GCA Service Group*, No. 1:16-cv-01104-RP (W.D. Tex. Jan. 5, 2018) (same). Because Webb has not presented exceptional circumstances to warrant the appointment of counsel, her Motion to Appoint Counsel (Dkt. 3) is **DENIED**.

## IV. Conclusion

The Court:

1. **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. 2) and **ORDERS** Plaintiff's Complaint (Dkt. 1) to be filed without prepayment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1);

2. **ORDERS** the Clerk to issue summons and that the United States Marshals Service to attempt service in this case without pre-payment of a service fee; and

3. **DENIES** Plaintiff's Motion to Appoint Counsel (Dkt. 3).

The Court also **ORDERS** that the Clerk to remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Andrew Davis.

**SIGNED** on September 8, 2026.

SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE